The Full Commission modifies this award to clarify on appeal that the Plaintiff who suffered a compensable injury to his ribs and back October 31, 1994, is entitled to temporary total benefits for six weeks and medical expenses as are reasonably necessary to effect a cure, give relief, or lessen Plaintiff's disability.
The Deputy Commissioner before whom these issues were originally heard concluded that the claimant's disability for which he was entitled to temporary total disability was for a period of a week; however, the uncontested evidence was that the Plaintiff was out of work for six weeks. There was no determination that Plaintiff has reached maximum medical improvement and the only evidence in the record about the Plaintiff's ability to return to work was his own testimony with respect to his return to work six weeks after the occurrence of his compensable disabling injury.
Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner as follows:
* * * * * * * *
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was a 43 year old male born on September 18, 1952.
2. On October 31, 1994, Plaintiff was working as a brick mason for Defendant at a job site in Morehead City, N.C.
3. At the time of Plaintiff's injury by accident, an employer-employee relationship existed between Plaintiff and Defendant.
4. At the time of Plaintiff's injury by accident, Defendant, a general contractor, employed four brick masons and at least three plasterboard hangers at the job site. Therefore, on October 31, 1994, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
5. No evidence of record exists to show that on October 31, 1994 Defendant had workers' compensation insurance or was properly certified as a self-insured employer.
6. On October 31, 1994, Plaintiff suffered a compensable injury by accident arising out of and in the course of his employment as a brick mason for Defendant. While laying bricks, Plaintiff fell 3 feet off a homemade scaffold, striking his lower back and right side on a concrete block. Immediately upon impact, Plaintiff began suffering excruciating pain. Both Defendant and his son were present at the time and saw Plaintiff fall.
7. After the fall, Plaintiff drove himself to Carteret General Hospital and sought medical treatment in the Emergency Room. X-rays were taken. Plaintiff suffered at least bruised ribs as a result of his injury. His examining doctor did not feel that the x-rays would necessarily show the extent of his injuries. An I.C. Form 18 filed November 13, 1994, indicated the extent of Plaintiff's injuries as "a contusion of the right chest wall, with possible crack rib. Plus neck and back pain."
8. As a result of the injury, Plaintiff was excused from work by Dr. Michael A. Bell, M.D., a general surgeon, and was temporarily totally disabled for six weeks from October 31, 1994 through on or about December 9, 1994.
9. On October 31, 1994, Plaintiff had worked for Defendant for the previous two to three weeks. Defendant paid Plaintiff $11.00 per hour, and Plaintiff worked 40 hours per week. Plaintiff's average weekly wage was $440.00, yielding a weekly compensation rate of $293.34.
10. Due to his injury, Plaintiff incurred medical bills from Carteret Surgical Associates, P.A. ($30.00), Carteret General Hospital ($288.50), and Coastal Radiology ($23.50). At the hearing, these three medical bills and a note from Dr. Michael A. Bell, M.D., were admitted into evidence as Plaintiff's Exhibit No. 1. Plaintiff paid the $30.00 bill to Carteret Surgical Associates, P.A. and the $23.50 bill to Coastal Radiology. Defendant has not reimbursed Plaintiff for paying these medical bills, and Defendant has not paid the $288.50 bill still owed to Carteret General Hospital.
11. After October 31, 1994, Plaintiff never returned to work for Defendant, but Plaintiff did return to work later as a brick mason for another employer. There is no evidence of the wages earned by Plaintiff in his subsequent employment or that he returned to work at the same or greater wages than he was earning from Defendant when he was injured.
12. There is no evidence that Plaintiff has reached maximum medical improvement or that the Plaintiff has not sustained any permanent partial disability. Plaintiff will need future medical treatment as a result of his injuries. These matters are subject to further determination.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concluded as follows:
CONCLUSIONS OF LAW
1. On October 31, 1994, Plaintiff suffered a compensable injury by accident to his ribs, and possibly to his neck and back, arising out of and in the course of his employment for Defendant. N.C. Gen. Stat. § 97-2(6).
2. As a result of his injury, Plaintiff was temporarily totally disabled from October 31, 1994 through on or about December 9, 1994, inclusive, and is entitled to compensation during said period. N.C. Gen. Stat. § 97-29.
3. The Plaintiff is entitled to payment by Defendant of all medical compensation expenses incurred or that may hereafter be reasonably incurred as a result of the occupational injury to the extent such treatment tends to effect a cure, give relief, or lessen Plaintiff's disability when the bills for same have been submitted to the Defendant and approved in accordance with the rules of the Commission. N.C. Gen. Stat. §§ 97-2(19), and97-25.
* * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay Plaintiff temporary total disability benefits in the amount of $293.34 per week for the six-week period of time inclusive from October 31, 1994 through December 9, 1994.
2. The Commission reserves to a later determination the award of any permanent partial disability for which the Plaintiff may be entitled.
3. Defendant shall pay the $288.50 bill owed to Carteret General Hospital. Defendant shall reimburse Plaintiff in the amount of $53.50 for the medical bills previously paid by Plaintiff to Coastal Radiology and Carteret Surgical Associates, P.A. Defendant shall pay any additional medical compensation expenses reasonably incurred as a result of the compensable occupational injury to the extent such treatment tends to effect a cure, give relief, or lessen Plaintiff's disability when the bills for same have been submitted to the Defendant and approved in accordance with the rules of the Commission, including the cost of an independent medical examination which is to include an IME.
4. The Defendant shall pay the costs.
* * * * * * * * *
ORDER
It is hereby ORDERED that as a condition of the Plaintiff's being eligible for additional benefits beyond December 9, 1994, and/or medical compensation beyond that set forth in this Opinion and Award, that Plaintiff shall submit to an independent medical evaluation, including an IME, to determine the extent of his injuries, which expense shall be borne by the Defendant and which shall be prepaid by the Defendant.
It is also ORDERED that this case be REMANDED to the N.C. Industrial Commission Dockets Director for scheduling of a penalty hearing for Defendant's failure to carry workers' compensation insurance or otherwise comply with N.C. Gen. Stat. § 97-93.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ COY M. VANCE COMMISSIONER
S/ _________________ LAURA K. MAVRETIC COMMISSIONER